ACCEPTED
01-15-00378-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/14/2015 2:14:29 AM
CHRISTOPHER PRINE
CLERK

| | | |
|---|---|---|
| **AC INTERESTS, L.P. FORMERLY** | § | **FIRST COURT OF APPEALS** |
| **AMERICAN COATINGS, L.P.** | § | **OF TEXAS** |
| **Appellant** | § | |
| **v.** | § | **HOUSTON, TEXAS** |
| | § | |
| **TEXAS COMMISSION ON** | § | **CAUSE NO. 01-15-00378-CV** |
| **ENVIRONMENTAL QUALITY,** | § | |
| **Appellee** | § | |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/14/2015 2:14:29 AM
CHRISTOPHER A. PRINE
Clerk

**SUPPLEMENTAL RESPONSE TO APPELLEE'S BRIEF FOR NOTICE OF APPEAL**

**OF CAUSE NO. D-1-GN-14-005160 FROM THE 345th JUDICIAL DISTRICT**

**To the Honorable Justices**

Appellant AC Interests L.P., formerly American Coatings, L.P., Plaintiffs in the court below, respectfully submits this supplemental response to its brief in appeal of the 91a motion to dismiss granted in favor of Appellee, Texas Commission on Environmental Quality ("TCEQ"). Appellant respectfully requests that that the First Court of Appeals consider that a hearing with oral arguments be held. This response is intended to supplement the July 10, 2015 response to Appellee's July 9, 2015 brief, and is not intended to delete any part of or supersede in any way Appellant's brief of May 19, 2015 or delete any part of or supersede in any way Appellant's response of July 10, 2015.

**Good and Sufficient Cause for Delay in Service**

It is brought to the Court's attention that Appellee's attorney required 51 days to file a reply brief. This exceeds the 30 day time limit in TRAP §38.6(b). Appellee's attorney requested the extension due to "demands on its counsel."

1

This is germane to Appellant's contention that there was "good and sufficient" cause for the delay in the 30 day service as required by TCAA §382.032(c) as described on page 4 of Appellant's Response Brief. Since Appellant's Attorney received the notice of denial[1] of AC Interests ERCs via U.S. Mail on or about November 24, 2014. Because I was aware that that the staff was contemplating the action relative to Chapter 101, between November 24, 2014 and December 10, 2014, I spent nearly all my available hours readying the pleading for the lawsuit filed December 10th. After filing the lawsuit, this law office was so backlogged with other work that we neglected the service of citation. Therefore, my rationale for the exceedance of the TCAA 30 day limit was equivalent to the Appellee attorney's rationale for exceedance of the TRAP 30 day limit.

**Confusion of Regulatory and Statutory Timelines by TCEQ Staff Action**

Additionally the TCEQ staff effectively shortened the appeal time of the ERC denial from December 19, 2014 to December 10, 2014; that is, from 30 days to 21 days. The rationale for this statement is as follows. On or about November 21, 2014[2], the TCEQ staff submitted a recommendation to the Commission that hearings be held regarding the amendments to 30 TAC Chapter 101 as it relates to ERCs. Of specific interest in the present case is the proposal as it relates to 30 TAC §101.302.

---

[1] The Notice of Denial was signed by the Deputy Executive Director, not the Executive Director as stated on page 5 of Appellee's Brief.

[2] Said recommendation was signed by the same Deputy Executive Director as referenced above in footnote 1.

The proposal would have arbitrarily removed "area sources", such as AC Interests, from any future consideration of being granted ERCs, with a few very narrow exceptions. The Commission approved this hearing request on December 10, 2014, which is the date AC Interests filed suit on the TCEQ.

This is relevant because the proposed regulatory change would have hypothetically flatly denied ERCs to an area source such as AC Interests.[3] This potentially could make difficult proving the case that AC Interests under the regulation were entitled to ERCs when the regulation projected to be in effect at the time the case would be heard would likely state specifically that AC Interests is denied any entitlements to ERCs. This scenario would likely tend to confuse the assigned Court and potentially tilt the case in the TCEQ's favor. The Appellant attorney submits that the "compression" of the ERC denial appeal time by the TCEQ is unconscionable. Furthermore, the Appellant attorney submits that the confusion of the regulatory and statutory timelines by this action by the TCEQ staff negates any claim the TCEQ has to lawsuit relief under TCAA §382.032(c).

**Prayer and Conclusion**

WHEREFORE, Appellant requests that Appellant have judgment of the Court as follows. Because Appellant established that citation was served within the

---

[3] On June 3, 2015 the Commission rejected the TCEQ staff's proposal and retained 30 TAC §101.302 essentially as it previously existed. However, on December 10, 2014, the probability was that the Commission would adopt the changes as proposed by the TCEQ staff.

allowed timeframe in the TEX. WATER CODE. AC Interests has shown due diligence and the 30 day timeframe should be tolled. Appellant respectfully asks the court to reverse the district court's ruling on granting the 91a motion to dismiss.

Respectfully submitted,

> The Law Office of C. William Smalling, PC
> 1700 Post Oak Blvd., 2 BLVD Place, Suite 600
> Houston, TX 77056
> Tel: (713) 513 7153
> Fax: (866) 738 0042
>
>
> By:__*Bill Smalling*__
> July 14, 2015_____
> C. William Smalling
> State Bar No. 24075086
> bsmalling@billsmallinglaw.com
> Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on the following via hand delivery, express mail, electronic mail, facsimile, and/or U.S. First Class Mail, on or before the 14th day of July, 2015.

1. The Commission represented by Cynthia Woelk, Assistant Attorney General, Texas Attorney General, Environmental Protection Div. (MC-066), P.O. Box 12548, Austin, Texas 78711-2548, Vox: (512) 463-2012, Fax: (512) 320-0911. Delivery Address: Office of the Attorney General, 300 W. 15th Street, Austin, TX 78701.

Copies of this Appellant's Response have been sent by U.S. certified mail, return receipt requested, to each of the parties as indicated on the attached Certificate of Service.

The Law Office of C. William Smalling, PC
1700 Post Oak Blvd., 2 BLVD Place, Suite 600
Houston, TX 77056
Tel: (713) 513 7153
Fax: (866) 738 0042

By:__*Bill Smalling*__
July 14, 2015_____
C. William Smalling
State Bar No. 24075086
bsmalling@billsmallinglaw.com
Attorneys for Plaintiff.